| | | |
|---|---|---|
| STEVEN GARRETT MILLER | : | 9TH JUDICIAL DISTRICT COURT |
| VS. NO. 274,447 | : | |
| HURRICANE CASE | : | PARISH OF RAPIDES |
| | F : | |
| STATE FARM GENERAL INSURANCE COMPANY | : | STATE OF LOUISIANA |
| | : | |
| FILED: _____ | : | _____ |
| | | DEPUTY CLERK OF COURT |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Steven Garrett Miller, who respectfully submits this Petition for Damages against Defendant, State Farm General Insurance Company, and further respectfully avers as follows:

### I. PARTIES

**1.**

Made Petitioner herein is Steven Garrett Miller. ("Petitioner"), a person of the full age of majority and resident of Sieper, Louisiana.

**2.**

Made Defendant herein is State Farm General Insurance Company ("Defendant"), a Louisiana insurance company authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, **The Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.**

### II. VENUE AND JURISDICTION

**3.**

Jurisdiction is proper in this Honorable Court under LA CONST art. 5, § 16.

**4.**

Venue is proper in this Honorable Court pursuant to Article 74 of the Louisiana Code of Civil Procedure.

### III. FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Petitioner owned the property located at 18 Reginald Perry Road, Sieper, LA 71472 (hereinafter referred to as "Insured Premises").

1

**6.**

At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number 18CAU5291 (hereafter the "Policy") to Petitioner which insured the Insured Premises against perils including wind, hail, and water. The Policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**7.**

On August 27, 2020, while the Policy was in full force and effect, the Insured Premises sustained significant damage as a result of Hurricane Laura, a category four hurricane. Hurricane Laura made landfall in Cameron Parish with sustained winds of 150 mph.

**8.**

Only weeks later, on October 9, 2020, while the Policy was in full force and effect, the Insured Premises sustained additional damage as a result of Hurricane Delta, a category two hurricane, with winds of up to 100 mph.

**9.**

Devastating winds, wind-driven rain, and life-threatening storm surges caused unimaginable damage as both hurricanes passed through Southwest Louisiana.

**10.**

Hurricanes Laura and Delta resulted in extensive damage and destruction throughout the Lake Charles and Southwest Louisiana areas, to include destroying the power grid and causing devastating damage to thousands of structures.

**11.**

Hurricanes Laura and Delta caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the buildings, as well as to the structure of the buildings.

**12.**

In compliance with the Policy, Petitioner provided timely notice of the loss events to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**13.**

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Insured Premises. Thereafter, Defendant, together with its loss consultants, inspected the Insured Premises on several occasions, and provided one or more loss estimates on the claim.

**14.**

Petitioner, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and always made the Insured Premises available for inspection. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Premises.

**15.**

The payments made to date to the Petitioner for damages caused by Hurricanes Laura and Delta are woefully inadequate to cover the costs to repair the Residence and other structures despite the fact that the damages were clearly visible to the adjuster retained and/or employed by Defendant at the time of the adjuster's inspection.

**16.**

As a result of Defendant's delays and failure to pay the amounts due under the policy, Petitioner has had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**17.**

Defendant failed to pay the amount of due to Petitioner in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Petitioner's property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**18.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Property because of Hurricanes Laura and Delta. Defendant failed to pay Petitioner the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than 60 days.

**19.**

Defendant breached its affirmative duties under LSA-R.S. 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**20.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Petitioner has continued to work with Defendant and its consultants to ensure compliance with Petitioner's duties under the Policy.

**21.**

Defendant's failure to timely pay benefits owed under the Policy has placed the Insured Premises at risk.

**22.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy and has wrongfully or unfairly limited payment on the Petitioner's claims.

**23.**

As a result of the damage to the Insured Premises caused by Hurricanes Laura and Delta, Petitioner has incurred additional extra expenses.

**24.**

Because of Defendant's failure to timely compensate Petitioner for losses that are clearly covered and owed under the Policy, Petitioner has and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

**25.**

But for Defendant's wrongful conduct, Petitioner could have completed repairs and resumed living in the Insured Premises well prior to the date that the repairs are ultimately completed.

**26.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Petitioner has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Petitioner's claims.

**27.**

Defendant's acts and omissions in failing to pay Petitioner the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**28.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricanes Laura and Delta, Petitioner has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

### IV.   CAUSES OF ACTION

**A. Breach of Insurance Contract.**

**29.**

Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**30.**

The Policy is an insurance contract between Petitioner and Defendant that provides coverage for the losses resulting from Hurricanes Laura and Delta.

**31.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Petitioner under the Policy.

**32.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

    (i) purposely and/or negligently failing to timely tender undisputed insurance proceeds;

    (ii) purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the relevant Policy;

    (iii) conducting the investigation and claims handling in bad faith;

    (iv) manipulating its pricing software to artificially suppress the cost of repairs below market value; and/or

5

(v) failing to adequately compensate Petitioner for the damages to the Insured Premises, as required by the Policy.

**33.**

Petitioner has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

### B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.

**34.**

Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**35.**

Under LSA-R.S. 22:1892(A)(1) & (A)(4), Defendant is obligated to make a written offer to settle any property damage claim and pay the amount of any claim due to its insured within thirty (30) days after receipt of satisfactory proof of loss. Under Louisiana law, Defendant is deemed to have received satisfactory proof of loss as of the date of its initial inspection of the damage to the Insured Premises. The statutory timelines that insurers, such as Defendant, must comply with regarding payment of claims commences from the date of the initial inspection, not from the date that it receives any final report from its insurer.

**36.**

Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of La. Stat. Ann. §22:1892(A)(1), which subjects Defendant to the penalty imposed under §22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

**37.**

Under LSA-R.S. § 22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duties under LSA-R.S. 22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's

failure to comply with the sixty (60) day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. 22:1973(C).

### 38.

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due to the Petitioner after its initial inspection of the damage to the Insured Premises. However, Defendant failed to pay Petitioner even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant's failure to make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause

### 39.

Defendant is therefore in breach of its affirmative duties and obligations imposed under both LSA-R.S. 22:1892 and §22:1973. Because of Defendant's breach of its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Petitioner for all additional damages resulting from Defendant's breach and, a penalty equal to two times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorney's fees, and costs, pursuant to LSA-R.S. 22:1973.

### 40.

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by Hurricane Laura and Hurricane Delta and its ongoing breaches of its affirmative duties of good faith and fair dealing, Petitioner is entitled to all additional damages and penalties recoverable under both LSA-R.S. 22:1892 and 22:1973 in an amount to be determined at trial.

### V. DAMAGES

### 41.

Petitioner realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

### 42.

As a result of the actions of the Defendant, Petitioner has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

    a. Damage to the building and other structures located at the Insured Premises;

    b.    Mitigation, remediation and repair costs;

    c.    Diminution in value;

    d.    Lost and/or damaged personal property;

    e.    Loss of use;

    f.    Inconvenience;

    g.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

    h.    Additional living expenses;

    i.    Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub- coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

    j.    Mental anguish and any other consequential damages caused by Defendant's breaches;

    k.    Attorney's fees;

    l.    Costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

    m.    Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**WHEREFORE**, premises considered, Petitioner, Steven Garrett Miller, respectfully prays that, Defendant, State Farm General Insurance Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Petitioner, Steven Garrett Miller, and against Defendant, State Farm General Insurance Company, in an amount that will fully and fairly compensate Petitioner for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the premises.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, LLC

Date: August 12, 2022        BY: _____
MATTHEW M. MIZE, La. Bar No. 33993
TRISTAN G. GRUSPIER, La. Bar No. 39900
W. BRETT CAIN, La. Bar No. 25997
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, LA 70602
Telephone:   (337) 433-0234
Facsimile:   (337) 433-8595
Email:       mmm@rmwlegal.com
             tgg@rmwlegal.com
             wbc@rmwlegal.com

and

PANDIT LAW FIRM, LLC

RAJAN PANDIT, La. Bar No.32215
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:   (504) 313-3800
Facsimile:   (504) 313-3820
Email:       rpandit@panditlaw.com

*Counsel for Petitioner*

**PLEASE SERVE:**

State Farm General Insurance Company
*Through its registered agent for Service of Process*:
The Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

STATE OF LOUISIANA, PARISH OF RAPIDES
I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS
A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE
AND OF RECORD IN THIS OFFICE.
IN FAITH, WHEREOF, WITNESS MY HAND AND SEAL OF
OFFICE, AT ALEXANDRIA, LOUISIANA, THIS 17th
DAY OF August A.D., 20 22
         ROBIN L. HOOTER
BY _____
         DY. CLERK OF COURT

9

**R. KYLE ARDOIN**
**SECRETARY OF STATE**
**P.O. BOX 94125**
**BATON ROUGE, LA 70804-9125**



SS151